IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BARBARA L. MONTUE                                                                                   PLAINTIFF

vs.                                            Civil No. 4:10-cv-04192

MICHAEL J. ASTRUE                                                                                 DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Barbara L. Montue ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

Plaintiff protectively filed her disability application on July 19, 2007.  (Tr. 25, 128-137). Plaintiff alleged she was disabled due to injuries resulting from a car wreck: "Car wreck–broken leg with rod inserted, sbj fused r ankle.  Depression."  (Tr. 155).  At the administrative hearing in this matter, Plaintiff also alleged being disabled due to carpal tunnel syndrome in her right wrist.  (Tr. 55).  Plaintiff alleged an onset date of July 7, 2007.  (Tr. 25, 130).  This application was denied

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

initially and again upon reconsideration.  (Tr. 86-87).

Thereafter, on February 26, 2008, Plaintiff requested an administrative hearing on her application, and this hearing request was granted.  (Tr. 96-97, 101-123).  Plaintiff's administrative hearing was held on April 7, 2009 by video teleconference with the ALJ in San Antonio, Texas and Plaintiff in Texarkana, Arkansas.  (Tr. 39-78).  Plaintiff was present and was represented by counsel, Greg Giles, at this hearing.  *Id.*  Plaintiff, Medical Expert ("ME") Dr. Weilepp, and Vocational Expert ("VE") Mr. Moreland testified at this hearing.  *Id.*  At the time of this hearing, Plaintiff was forty-one (41) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had completed high school.  (Tr. 48).

On May 14, 2009, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB.  (Tr. 25-38).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2011.  (Tr. 27, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 7, 2007, her alleged onset date. (Tr. 27, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: obesity; pain disorder; degenerative disc disease of the lumbar and cervical spine, status post cervical decompression and fusion; right carpal tunnel syndrome, status post release; obstructive sleep apnea; osteoarthritis; fibromyalgia; anxiety; and depression.  (Tr. 27-30, Finding 3).  The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 30-33, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 33-36, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found her

2

claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform a wide range of "sedentary" work:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except sedentary work with no walking on irregular terrain; no climbing of ropes, ladders, or scaffolds; occasional right side overhead reaching; frequent handling and fingering for the right dominant hand (no limitations on the left); no working at unprotected heights or around dangerous machinery; only moderate exposure to extremes of cold or heat; only simple, routine, repetitive tasks; only occasional conversations and interpersonal interactions with coworkers; and only elementary level reading required.

*Id.*

> "Sedentary work" includes the following:
>
> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking an standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 36-37, Finding 6). The ALJ determined Plaintiff's PRW included work as a meat cutter (heavy, skilled); meat packer (medium, unskilled); and a type of correctional officer (medium, semi-skilled). *Id.* Considering her RFC, the ALJ determined Plaintiff did not retain the capacity to perform any of this PRW. *Id.*

The ALJ also evaluated whether there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 37-38, Finding 10). The VE testified at the administrative hearing regarding that issue. (Tr. 37-38, 74-76). Based upon that testimony, the ALJ determined a hypothetical person with Plaintiff's limitations would be able to perform representative occupations such as escort vehicle driver (2,000 such jobs in the regional economy and 20,000 in

3

the national); document preparer (1,000 such jobs in the regional economy and 10,000 in the national); and hand packager (1,000 such jobs in the regional economy and 10,000 in the national). (Tr. 37, 76). Based upon these findings, the ALJ then determined Plaintiff had not been under a disability, as defined by the Act, from July 7, 2007 through the date of the ALJ's decision or through May 14, 2009. (Tr. 38, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 7). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On December 27, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on January 14, 2011. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8-9. This case is now ready for decision.   .

**2.**     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065,

1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.     **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 8. Specifically, Plaintiff claims (1) the ALJ failed to evaluate the severity of her impairments, (2) the ALJ improperly determined her RFC, and (3) the ALJ failed to properly consider her allegations of chronic pain. *Id.* In response, Defendant argues substantial evidence supports the ALJ's RFC determination, the ALJ properly found Plaintiff's impairments did not meet the requirements of the Listings, and substantial evidence supports the ALJ's disability determination. ECF No. 9. Because this Court finds the ALJ erred in her RFC determination, this Court will only address Plaintiff's second argument for reversal.

At the administrative hearing in this matter, Plaintiff alleged she was disabled due to carpal tunnel syndrome in her right wrist. (Tr. 55). Plaintiff alleged that due to this syndrome, she was unable to push, pull, or "lift over a water jug." *Id.* Plaintiff also stated she was not able to lift and carry even ten pounds around the house due to her carpal tunnel syndrome. *Id.*

Plaintiff's medical records support her claim that she suffers from limitations due to carpal tunnel syndrome in her right hand and wrist. On July 29, 2008, Plaintiff underwent a nerve conduction study and was found to have carpal tunnel syndrome grade II (moderate) in her right hand. (Tr. 547). On November 18, 2008, Plaintiff reported that her right hand was "just miserable" due to the carpal tunnel syndrome. (Tr. 679). On January 16, 2009, Plaintiff underwent a carpal tunnel release. (Tr. 683). On March 17, 2009, subsequent to this surgery, Plaintiff reported her carpal tunnel syndrome still persisted, and she complained of right hand numbness and tingling. (Tr. 10). On May 19, 2009, Plaintiff again reported right hand pain. *Id.* Her physician found the MRI of her right wrist suggested "a little bit of a fluid collection." *Id.* He suggested this fluid retention

is what caused "some of her hand pain and that her nerves haven't fully healed in that wrist yet." *Id.*

Despite these records, the ALJ found Plaintiff's carpal tunnel syndrome only caused her minimal limitations. Specifically, the ALJ found that even with her carpal tunnel syndrome, Plaintiff was still capable of "frequent handling and fingering for the right dominant hand." (Tr. 33). In her opinion, she apparently based this finding upon her determination that Plaintiff's "[c]arpal tunnel surgery resulted in improvement." (Tr. 36). As outlined above, while this surgery may have resulted in *some* improvement, there is still no indication in the record that Plaintiff was able to perform "frequent handling and fingering" after her surgery. Thus, because the ALJ's improperly considered Plaintiff's right carpal tunnel syndrome, the ALJ's RFC determination is not supported by substantial evidence in the record, and this case must be reverse and remanded for further consideration of Plaintiff's RFC.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 12th day of January, 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE